PLUMMER V REEVES



NO. 07-06-0379-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 25, 2007


______________________________



DAWN GAYKEN, D.D.S.,




 Appellant


V.



ANN D. EWTON, Individually and as Independent Executrix


of the Estate of MERLE CLEMENT EWTON, D.D.S., Deceased



 Appellees

_________________________________



FROM THE 284th DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 01-02-00972-CV; HON. JOHN M. DELANEY, PRESIDING


_______________________________



ORDER OF ABATEMENT


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Dawn Gayken, D.D.S. (appellant) appeals the trial court's order granting a bill of
review to appellee. This court has received notice from appellant's counsel that appellant
has filed a voluntary petition as debtor under the United States Bankruptcy Code. Said
notice included a faxed file-marked document from the United States Bankruptcy Court,
Southern District of Texas, Houston Division. Pursuant to 11 U.S.C. § 362, any further
action in this appeal is automatically stayed. 

 Under these circumstances, and for administrative purposes, this appeal is removed
from the docket of this court and abated. The appeal will be reinstated upon proper motion
showing that the stay has been lifted or that the court may otherwise proceed with the
disposition of the cause.

 Accordingly, the appeal is abated.


 Per Curiam



nder the factual sufficiency standard. The
appeals panel denied appellee's claim in December 2001. 

 Appellee filed her original petition in district court in January 2002. Both parties filed
motions for summary judgment in March 2003. Appellant's motion was a no-evidence
motion pursuant to Rule of Civil Procedure 166a(i) asserting there was no evidence of a
causal connection between appellee's conditions and her employment. Appellee's motion
asserted the court was limited to performing a substantial evidence review of the
administrative record from the appeals panel proceeding. The trial court denied appellant's
motion, granted appellee's motion, and rendered final summary judgment for her on April
22, 2003. 

 Appellant filed a motion for new trial May 27, 2003, (1) arguing appellee failed to
establish her claim and the trial court erred in denying its motion for summary judgment. 
The parties' brief asserts appellant first challenged the court's use of the substantial
evidence standard at a June 18 hearing on its motion for new trial. In response to a request
for additional briefing on the issue, appellee's counsel sent a letter dated June 24, 2003
conceding the court applied the wrong standard and stating an expectation the court would
grant appellant's motion for new trial. (2) 

 No order granting new trial was signed and appellant perfected this appeal. Our
review of the record convinces us reversal is required.

 It is undisputed the core issue of this litigation is the compensability of appellee's
injuries. In Texas Workers' Compensation Commission v. Garcia, 893 S.W.2d 504 (Tex.
1995), the court held trial of such issues is governed by Section 410.301 of the Labor
Code. 893 S.W.2d at 528. Finding the holding in Garcia dispositive, we reverse the
judgment of the trial court and remand to that court for further proceedings consistent with
this opinion.

 James T. Campbell

 Justice



1. This motion was timely because it was mailed on May 22, 2003 and received within
10 days. See Tex. R. Civ. P. 5; 329b(a).
2. This letter is not a part of the record in this appeal but a copy has been attached
to the parties' brief.